**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION AT CHICAGO**

| | | |
|---|---|---|
| **KRISTEN KIELMA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| | ) | |
| | ) | |
| **NAKATHOMI CHICAGO, LLC** | ) | |
| **and CYNTHIA JEMISON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KRISTEN KIELMA ("Plaintiff" or "Kielma"), and files her Complaint against NAKATHOMI CHICAGO, LLC. ("Nakathomi") and Cynthia Jemison ("Jemison") collectively referred to as "Defendants", and in support states the following:

**NATURE OF THE CLAIMS**

1.    This is an action for monetary damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 206 ("FLSA") and the Illinois Wage Payment Collection Act, 820 ILCS § 115 ("IWPCA").

2.    This action is to redress Defendants' unlawful employment practices including Defendants' failure to pay Plaintiff's compensation

**JURISDICTION AND VENUE**

3.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's rights under the FLSA.

1

4.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367(a), as this action involved state law claims arising from the same case and controversy as Plaintiff's federal claims.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

6.      Plaintiff, Kristen Kielma, is a citizen of the United States, and is and was at all times material, a resident of the state of Illinois.

7.      Defendant, Nakathomi Chicago, LLC., is a for-profit corporation doing business in this judicial district at 24607 Chestnut Lane Crete, Illinois 60417.

8.      Defendant, Cynthia Jemison, is the Chief Executive Officer of Nakathomi. Jemison had authority and power to control wages and hours, and to hire and fire Plaintiff. Jemison was aware of, implemented, and enforced policies and practices complained of herein.

9.      Plaintiff worked for Defendants in this judicial district.

10.     Defendants are employers as defined by all laws under which this action is brought and employ the requisite number of employees.

## FACTS

11.     Plaintiff was an employee of Nakathomi as the Executive Assistant to the CEO beginning in mid-May 2021.

12.     On July 6, 2021, Nakathomi and Plaintiff entered into an Employment Contract Agreement ("Employment Agreement"), which constitutes a valid and enforceable contract. A copy of the executed Employment Contract Agreement is attached herein as **Exhibit A**.

13.     The Employment Agreement provides "[a]s compensation for the services provided, the Employee shall be paid $135,000.00 salary on an annual basis…Payment shall be

distributed to the Employee on a bi-weekly basis. Employment Agreement Section IV.

14.     The Employment Agreement further provides that "[a]ny unused Vacation Time shall convert to cash at the end of the year at a rate of $525.00 per day." *Id*. at Section VIII.

15.     The Employment Agreement further provides that "[i]f the Employee should terminate this Agreement before the end date, he or she shall be subject to: Fifty Percent (50%) of their severance pay." *Id*. at Section III(a).

16.     Plaintiff commenced working for Defendants on May 18, 2021.

17.     Plaintiff has not been compensated for the time she has worked for Defendants.

18.     Plaintiff was under the supervision of Jemison throughout her employment.

19.     Jemison had the ability to control whether Plaintiff was compensated.

20.     Plaintiff sent several emails to Defendants to resolve Plaintiff's unpaid wages to no avail.

21.     Around July 2021, Defendants provided Plaintiff a check in the amount of approximately $15,000.00 for backpay on the wages Plaintiff was owed.

22.     However, Defendants instructed Plaintiff not to cash the check.

23.     Since July 2021, Plaintiff has continued to follow up with Defendants regarding the unpaid wages owed to her, but Defendants have repeatedly and willfully failed to remedy the situation.

24.     As a result of Defendants' conduct, Plaintiff was left with no choice but to separate from Nakathomi.

25.     Plaintiff has been damaged by Defendants' illegal conduct.

3

26.     Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
### Violation of the Fair Labor Standards Act Against All Defendants

27.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

28.     Under the FLSA, Plaintiff was entitled to be paid minimum wage.

29.     Defendants failed to compensate Plaintiff per the FLSA minimum wage requirements for the hours she worked for Defendants.

30.     Under the FLSA, a person is considered an employer and subject to personal liability if the individual has supervisory authority over the plaintiff; and the individual was at least partly responsible for the alleged violation.

31.     Defendants' violation of the FLSA for failure to pay Plaintiff was willful and deliberate.

32.     Plaintiff has been damaged by Defendants' willful conduct.

33.     Due to Defendants' violation of the FLSA, Plaintiff is entitled to recover from Defendants her unpaid compensation, liquidated damages, reasonable attorneys' fees, and the costs of this action, pursuant to 29 U.S.C. § 216(b).

## Count II:
### Violation of the Illinois Wage Payment and Collection Act
### Against Nakathomi

34.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

35.     An employer is required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period.

36.     All wages earned by an employee during a semi-monthly or bi-weekly pay period must be paid to the employee no later than thirteen days after the end of the pay period in which such wages were earned.

37.     Whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time, the monetary equivalent of all earned vacation shall be paid to her as part of her final compensation.

38.     Nakathomi has failed to pay Plaintiff her earned wages.

39.     Nakathomi has failed to pay Plaintiff the monetary equivalent of her unused vacation time.

40.     Nakathomi's violation of the IWPCA for failure to pay Plaintiff her earned wages was willful and deliberate.

41.     Plaintiff has been damaged by Nakathomi's conduct.

42.     An employee not timely paid her wages is entitled to recover through a civil action, the amount of any such underpayments and entitled to recover costs and reasonable attorney's fees.

43.     Due to Nakathomi's violation of the IWPCA, Plaintiff is entitled to recover from Nakathomi her unpaid compensation, reasonable attorney's fees, and the costs of this action.

**Count III:**
**Breach of Contract Against Nakathomi**

44.      Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

45.     On July 6, 2021, Nakathomi and Plaintiff entered into the Employment Agreement, which constitutes a valid and enforceable contract.

46.     Plaintiff has performed her obligation under the Employment Agreement.

47.     Nakathomi has breached the Employment Agreement by failing to exercise its

duties and obligations to Plaintiff.

48.     Nakathomi has breached the Employment Agreement by failing to provide severance to Plaintiff pursuant to the terms and conditions of the Employment Agreement.

49.     As a direct and proximate result of Nakathomi's breach of the Employment Agreement, Plaintiff has been damaged, entitling her to recover from Nakathomi her unpaid compensation, severance, and unused PTO.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)     Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c)     Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*